IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARCUS EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:25-cv-574 (ALM) (BD) |
| | § | |
| THE HOME DEPOT, INC., | § | |
| | § | |
| Defendant. | § | |

### AMENDED JOINT SUBMISSION REGARDING DISCOVERY ISSUES

Pursuant to the Court's Orders (docs. 17, 20), Plaintiff Marcus Evans ("Plaintiff") and Defendant Home Depot U.S.A., Inc. (incorrectly named as "The Home Depot, Inc.") ("Defendant" or "Home Depot") (collectively, "the Parties") by and through their undersigned counsel, respectfully submit the following Amended Joint Submission regarding Plaintiff's outstanding discovery deficiencies and the Parties' attempts to resolve them.

The Parties engaged in a good-faith face-to-face meeting via Microsoft Teams on December 24, 2025. The meeting lasted approximately 40 minutes. Emanuel Kataev, Esq. appeared on behalf of Plaintiff. Kristin S. Higgins, Esq. and Shaina E. Hicks, Esq. appeared on behalf of Defendant. Thereafter, on December 26, the Parties submitted to the Court a required Joint Submission containing a summary of the discovery disputes that remain between them. The Court subsequently ordered the Parties to file the instant Amended Joint Submission containing Plaintiff's briefing regarding his position that he did not waive his ability to lodge objections to Defendant's written discovery requests.

Therefore, the following discovery disputes remain between the Parties:

I.   **Plaintiff's Objections and Answers to Home Depot's Interrogatories**

**A. Plaintiff's waiver of objections**.  The first issue that remains is Defendant's contention that Plaintiff has waived his ability to lodge objections to Home Depot's written discovery requests because he submitted responses late, without requesting an extension, and good cause does not exist to excuse Plaintiff's delinquent responses.

Plaintiff's position: Plaintiff contends that good cause exists to excuse his delinquent objections, that he has not waived his objections, and takes the opportunity to brief this issue, pursuant to the Court's Order dated December 29, 2025.

Federal Rule of Civil Procedure ("Rule" or the "Rules") 33(b)(4) provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." See Fed. R. Civ. P. 33(b)(4). The Southern District of Texas has held that "waiver is not automatic; this Court has discretion to determine whether good cause exists to preclude waiver." *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 156 (S.D. Tex. 2009). Moreover, the Southern District has outlined "a multifactor test, cited by a number of other courts, for determining whether good cause exists and waiver should be denied: '(1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.'" See *id.* at 157 (S.D. Tex. 2009).

Here, Defendant served its discovery requests to Plaintiff on August 22, 2025. These responses were initially due on September 22, 2025; Plaintiff was granted an extension to respond by October 10, 2025; and Plaintiff ultimately responded on October 22, 2025. This is *not* a lengthy delay. Plaintiff only submitted these responses slightly late due to Plaintiff's counsel's focus on submitting a brief to the United States Court of Appeals for the Second Circuit on Monday, December 22, 2025 in *Superb Motors, et al. v. Deo, et al.*; Docket Nos.: 25-1330(L), 25-2189(Con) and on conducting a deposition in *Fernandez v. Bulldozer Hospitality Group, Inc., et al.*; Case No.: 1:25-cv-4490 (AS) (GS) (SDNY). Accordingly, there was no bad faith intent from Plaintiff. Moreover, Defendant has not been prejudiced by this twelve (12) day late lateness; Defendant has already received the discovery they are entitled to. The only party who would be unfairly prejudiced by waiver of objections would be Plaintiff.

Thus, Plaintiff urges the Court to exercise its discretion in finding that good cause exists to excuse Plaintiff's untimeliness, such that objections need not be waived.

Defendant's position: On August 22, 2025, Home Depot served Plaintiff with Interrogatories, Requests for Production, and authorizations to execute. See Exhibit A, App 2. By rule, Plaintiff's written discovery responses were due on September 22, 2025. However, Plaintiff failed to provide any responses or produce documents on or by September 22 (a Monday). Only after counsel for Defendant contacted counsel for Plaintiff about the status of Plaintiff's discovery responses, the passed September 22 discovery response deadline, and Plaintiff's waiver of objections for missing same, Plaintiff's counsel responded, acknowledging Plaintiff's failure to "timely submit[] responses" and requesting up to October 10 to respond. See Exhibit B, App 4-5. However, Plaintiff

did not respond to Defendant's written discovery requests on October 10 and there was otherwise no agreement between the Parties to extend Plaintiff's deadline to October 10 (as evidenced by Plaintiff's telling failure to produce any such agreement). Home Depot accordingly sent Plaintiff a discovery deficiency letter on October 15 reiterating Plaintiff's failure to respond to any of Home Depot's discovery requests, his waiver of objections, and his obligations under Local Rule CV-34. *See* Exhibit C, App 7-9. It was not until October 22 – an entire month past the deadline – that Plaintiff responded to Defendant's discovery requests. *See* Exhibit D, App 11-53.

Plaintiff's failure to timely respond to Defendant's written discovery requests amounts to a waiver of his ability to lodge objections to same. *See* FRCP 33(b)(4) (a "responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); *Badger Daylighting Corp. v. Precision Hydrovac Excavation, LLC*, No. 1:25-MC-7, 2025 WL 3025677, at *2 (E.D. Tex. Oct. 29, 2025) (any objection not timely raised is waived unless the court, *for good cause*, excuses the failure). Here, the timeline dictates that good cause does not exist to excuse Plaintiff's failure to serve timely responses and objections. Plaintiff was not just a little bit late—he was a month late and did not seek an extension prior to the deadline. In fact, Plaintiff did not respond until October 22, 2025—*one month after* the deadline. In addition, after Plaintiff's response deadline of September 22 came and went, Plaintiff provided nothing despite Defendant repeatedly having to request the discovery it was owed—evidenced by counsel for Defendant's September 26 email to counsel for Plaintiff reminding Plaintiff of his discovery deadline (which he had missed at that point) and Defendant's subsequently sent deficiency letter, dated October 15.

**B. Plaintiff's Failure Answer Certain Interrogatories**. The remaining discovery issues relate to the objections Plaintiff did lodge to Home Depot's Interrogatories.

Plaintiff lodged objections to Home Depot's Interrogatories, refusing to answer Nos. 8-20 on the basis that Defendant served him with more than 25 because Nos. 1-7 contain multiple subparts that, when taken together, exceed the allotted 25.

Plaintiff's position: Defendant's Interrogatories contain discrete subparts that amount to more than 25 Interrogatories. *See* FRCP 33(a)(1). Notwithstanding the foregoing, in an effort to resolve this dispute, Plaintiff agreed to supplement his responses to Defendant's discovery demands as limited in the below summary. Given the foregoing, Plaintiff respectfully submits that this issue is moot. However, to the extent this Court concludes otherwise, Plaintiff respectfully seeks an opportunity to brief this issue.

Defendant's position: While parties may not circumvent the 25-interrogatory limitation imposed by FRCP 33(a)(1) by joining together discrete interrogatory subparts, "'subparts that are logically or factually subsumed within and necessarily related to the primary question' should not be treated as separate interrogatories." *Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.*, 315 F.R.D. 191, 197 (E.D. Tex. May, 13 2016); Fed. R. Civ. P. 33(a)(1) Advisory Comm. Notes ("a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); *see also Johnson v. MidFirst Bank,* 4:24-CV-00986-SDJ-BD, 2025 WL 3175281, at *2-5 (E.D. Tex. Nov. 13, 2025).

Despite clear relation to the respective "primary question," Plaintiff treats each subpart in Defendant's Interrogatory Nos. 1-7 as independent interrogatories. They are not and Plaintiff's interpretation lacks credulity. For example, Plaintiff counts Interrogatory No. 1 as seven separate interrogatories because it seeks the identity of persons who possess knowledge pertaining to the lawsuit (interrogatory one according to Plaintiff), their addresses (two), telephone numbers (three), job titles (four), a description of the substance of their knowledge (five), a statement of whether Plaintiff expects to call them as a witness at trial (six), and a description of documents that support or refute Plaintiff's response (seven). *See* Exhibit D, App 13. However, each subpart contained in Interrogatory No. 1 is factually subsumed within the primary question – namely, the ***identity*** of individuals with knowledge regarding this lawsuit.

He treats Interrogatory No. 2 as five separate interrogatories because it requests each element of Plaintiff's damages, including the category of damages (interrogatory one), the factual basis for each item of damages (two), the amount claimed for each (three), an explanation of how each amount was calculated (four), and a description of each document used for such calculation (five). *See* Exhibit D, App 13-14. Each subpart in this Interrogatory is factually subsumed within the primary question – the basis of Plaintiff's claimed damages.

Plaintiff treats Interrogatory No. 3 as three separate interrogatories because it seeks identification of each person with whom Plaintiff communicated regarding his allegations, including the date and substance of the communication and any documents related to the communication. *See* Exhibit D, App 14. Interrogatory No. 4 is similarly treated by Plaintiff as three separate interrogatories because it seeks the identity of each health care provider with whom he consulted, received an examination or treatment, or obtained an opinion or diagnosis related to his mental health since January 1, 2023. *See* Exhibit D, App 14-15. The subparts contained in both Interrogatory Nos. 3 and 4 are factually subsumed within the primary question – namely, the identity of individuals with whom Plaintiff has communicated about his claims and the healthcare providers from whom he has sought care since 2023, respectively.

Finally, Plaintiff counts Interrogatory Nos. 5, 6, and 7 as each containing two separate interrogatories because they respectively seek information relating to witnesses who may have witnessed race discrimination, color discrimination, age discrimination, and the documents supporting each of his answers. *See* Exhibit D, App 15-16. Like the others, these subparts (namely the request for any documents) are all consumed within and factually connected to the primary question of the underlying interrogatory. The effect of Plaintiff's improper objection as to alleged subparts is that Plaintiff refused to answer Interrogatories 8-20 at all.

In sum, Home Depot's Interrogatories, though some contain subparts, are singular interrogatories as any subpart relates, in whole part, to the "primary question." *Eli Lilly and Co.*, 315 F.R.D. at 197.

Out of the 12 Interrogatories Plaintiff refused to answer, he has agreed to supplement his responses to Interrogatory 10, 11, 13, 16, 17, 18 and 20. However, <u>his agreement to do so is contingent on Defendant withdrawing its position that he waived his objections. Defendant does not agree to do that</u>. So, there remains a dispute on these interrogatories.

Additionally, there are disputes on the following Interrogatories. <u>Any agreement Plaintiff made to supplement the following Interrogatories are also subject to his condition that Defendant withdraw its position that Plaintiff waived his objections.  Defendant does not agree to do that.</u>

    a.  **Interrogatory No. 8**

<u>Plaintiff's position</u>:  Plaintiff's sources of income are not relevant since he is a current employee of Defendant.

<u>Defendant's position</u>:  Plaintiff waived his objections.  The information sought relating to Plaintiff's sources of income is relevant to Plaintiff's claims and damages.

    b.  **Interrogatory No. 12**

<u>Plaintiff's position</u>:  Plaintiff will supplement only if the answer is none.  If there are other charges of discrimination filed, Plaintiff will stand on his objections.

<u>Defendant's position</u>.  Plaintiff waived his objections and cannot refuse to answer if there is responsive information. Discovery is broad and Defendant is entitled to know if Plaintiff has made other claims of discrimination or retaliation.

    c.  **Interrogatory No. 14**

<u>Plaintiff's position</u>:  Plaintiff will supplement only if the answer is none.  If any responsive information exists, Plaintiff will stand on his objections.

<u>Defendant's position</u>:  Plaintiff waived his objections and cannot refuse to answer if there is responsive information. Discovery is broad and Defendant is entitled to know if Plaintiff has a criminal history.

    d.  **Interrogatory No. 15**

<u>Plaintiff's position</u>:  Plaintiff asserts that he does not have to identify any information about his social media unless he has posted specifically about Home Depot, which he will disclose in a supplemental response. Otherwise, Plaintiff will stand on his objections.

<u>Defendant's position</u>:  Plaintiff waived his objections and cannot refuse to answer if there is responsive information. Discovery is broad and Defendant is entitled to know what Plaintiff has posted about his life and mental health, even if not related specifically to Home Depot, given he is claiming emotional distress damages.

    e.  **Interrogatory No. 19**

<u>Plaintiff's position</u>:  Plaintiff will only disclose treating experts, if any.

Defendant's position:  Plaintiff waived his objections.  His reading of the Interrogatory is in an impermissibly narrow manner; if he does not have any retained experts, he must say so and supplement in accordance with the Rules of Civil Procedure if necessary.

## II. Receipt of Authorizations Under Local Rule CV-34

Plaintiff has refused to provide Defendant with medical record and wage and earnings authorizations as required under Local Rule CV-34.

Plaintiff's position: Local Rule CV-34 is subject to objections and he objects to the authorizations.  Plaintiff respectfully requests the opportunity to brief this issue to the extent the Court deems same necessary.

Defendant's position: Local Rule CV-34 is clear: "[w]here a party's physical or mental health condition" or "[w]here lost earnings, lost earning capacity, or back pay" are at issue, the party making such claims ***shall*** provide signed authorizations to the opposing party's counsel upon request. *See* Local Rule CV-34(a)-(b). No protective order is necessary to protect the records produced as all records obtained with an authorization are deemed confidential. *Id.* at (c).

Plaintiff represents in his Original Complaint that he suffered "severe emotional distress and physical ailments" and loss of earnings because of Defendant's alleged conduct. *See* Complaint (doc. 1). And as evidenced by his Initial Disclosures, he seeks damages related to emotional distress and front and back pay. *See* Exhibit E, App 54-59. As he has put his "physical or mental condition" and earning capacity at issue, he is required to "promptly furnish[]" Home Depot with its requested medical and wage and earnings authorizations.

Respectfully submitted,

| | |
|---|---|
| By: */s/ Emanuel Kataev, Esq.*<br>Emanuel Kataev, Esq.<br>emanuel@sagelegal.nyc<br>**CONSUMER ATTORNEYS PLLC**<br>6829 Main Street<br>Flushing, NY 11367-1305<br>Telephone:  (718) 412-2421<br>Fax:  (718) 489-4155<br><br>**ATTORNEYS FOR PLAINTIFF MARCUS EVANS** | By: */s/ Shaina E. Hicks*<br>Kristin S. Higgins<br>Texas Bar No. 24046880<br>kristin.higgins@ogletree.com<br>Shaina E. Hicks<br>Texas Bar No. 24139802<br>shaina.hicks@ogletree.com<br>**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**<br>8117 Preston Road, Suite 500<br>Dallas, Texas 75225<br>Telephone: (214) 987-3800<br>Fax: (214) 987-3927<br><br>**ATTORNEYS FOR DEFENDANT HOME DEPOT U.S.A., INC.** |

## CERTIFICATE OF SERVICE

      I hereby certify that on January 12, 2025, I filed the foregoing with the Clerk of the Court using the ECF filing system, which will send notification to all counsel of record.

                                                      */s/ Shaina E. Hicks*
                                                      Shaina E. Hicks