IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARCUS EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:25-cv-574 (ALM) (BD) |
| | § | |
| THE HOME DEPOT, INC., | § | |
| | § | |
| Defendant. | § | |

**JOINT SUBMISSION REGARDING DISCOVERY ISSUES**

Pursuant to the Court's Order (doc. 17), Plaintiff Marcus Evans ("Plaintiff") and Defendant Home Depot U.S.A., Inc. (incorrectly named as "The Home Depot, Inc.") ("Defendant") (collectively, "the Parties") by and through their undersigned counsel, respectfully submit the following Joint Submission following the Parties' virtual meet-and-confer regarding Plaintiff's outstanding discovery deficiencies.  Plaintiff files this updated report because the Defendant mistakenly filed this document at Docket Entry 21, absent Plaintiff's briefings, despite Plaintiff having emailed them same.

The Parties engaged in a good faith face-to-face meeting via Microsoft Teams on December 24, 2025. The meeting lasted approximately 40 minutes. Emanuel Kataev, Esq. appeared on behalf of Plaintiff. Kristin S. Higgins, Esq. and Shaina E. Hicks, Esq. appeared on behalf of Defendant. In the event the Court determines that a hearing is necessary to resolve the remaining discovery disputes outlined below, the Parties are available to attend same on February 3 and February 6, 2026.[1]

Following the parties' meeting, the following discovery disputes remain:

---

[1] The Parties will provide additional availability should the Court so require.

JOINT SUBMISSION REGARDING DISCOVERY ISSUES                                                    PAGE 1

I.   **Plaintiff's Objections and Answers to Home Depot's Interrogatories**

**A. Plaintiff's waiver of objections**. The first issue that remains is Defendant's contention that Plaintiff has waived his ability to lodge objections to Home Depot's written discovery requests because he submitted responses late, without requesting an extension, and good cause does not exist to excuse Plaintiff's delinquent responses.

Plaintiff's position: Plaintiff contends that good cause exists to excuse his delinquent responses, that he has not waived his objections, and takes the opportunity[2] to brief this issue, pursuant to the Court's order dated December 29, 2025.

Federal Rule of Civil Procedure ("Rule" or the "Rules") 33(b)(4) provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." See Fed. R. Civ. P. 33(b)(4). The Southern District of Texas has held that "waiver is not automatic; this Court has discretion to determine whether good cause exists to preclude waiver." Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C., 258 F.R.D. 149, 156 (S.D. Tex. 2009). Moreover, the Southern District has outlined "a multifactor test, cited by a number of other courts, for determining whether good cause exists and waiver should be denied: '(1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.'" See Id. at 157 (S.D. Tex. 2009).

Here, Defendant served its discovery requests to Plaintiff on August 22, 2025. These responses were initially due on September 22, 2025; Plaintiff was granted an extension to respond by October 10, 2025; and Plaintiff ultimately responded on October 22, 2025. This is *not* a lengthy delay. Plaintiff only submitted these responses slightly late due to Plaintiff's counsel's focus on submitting a brief to the United States Court of Appeals for the Second Circuit on

---

[2] Plaintiff's position:  Defendant had submitted a draft of the instant joint submission at 2:26 PM on December 26, 2025, depriving the Plaintiff of an opportunity to submit briefing, while Defendant had all day on December 24, 2025 since 10 AM CST to send a draft joint submission and instead sent it at the proverbial eleventh hour today, more than two (2) days later.  Plaintiff then respectfully requested an opportunity to brief the issues raised herein to the extent this Court deemed same necessary to resolve any outstanding disputes.  As a result, Plaintiff met with Defendant at his earliest opportunity.  Defendant's argument concerning briefing "Plaintiff's arguments for him" is as circular as it is nonsensical; Plaintiff had understood the joint submission to be a status update on discovery and not argument as to why the Defendant's position should control.  Defendant's attempt to circumvent the process of requesting relief in accordance with Local Rules CV-7 and CV-10. Although the Court's Order instructed the parties with providing authority to support their positions, Plaintiff was effectively deprived of a meaningful opportunity to do so because he only ascertained Defendant's position following their meet-and-confer upon receiving Defendant's proposed joint submission. Plaintiff rectifies this prior error of Defendant here.

Defendant's position:  Plaintiff's counsel did not make himself available for a conference with Defendant's counsel until Christmas Eve.  Even though Defendant's counsel's offices were closed for the holiday, we agreed to hold the conference with Plaintiff's counsel that day, which necessarily meant that we had limited time to complete the required Joint Submission.  In any event, Defendant was never going to brief Plaintiff's arguments for him and so the timing of when we provided the draft to Plaintiff's counsel is wholly irrelevant as he could have been working on his portion of the joint submission at any point since our conference.  The Court's Order (Doc 17) specifically instructed the parties to include authority to support their positions.

Monday, December 22, 2025 in <u>Superb Motors, *et al.* v. Deo, *et al.*</u>; Docket Nos.: 25-1330(L), 25-2189(Con) and on conducting a deposition in <u>Fernandez v. Bulldozer Hospitality Group, Inc., *et al.*</u>; Case No.: 1:25-cv-4490 (AS) (GS) (SDNY). Accordingly, there was no bad faith intent from Plaintiff. Moreover, Defendant has not been prejudiced by this twelve (12) day late lateness; Defendant has already received the discovery they are entitled to. The only party who would be unfairly prejudiced by waiver of objections would be Plaintiff.

Thus, Plaintiff urges the Court to exercise its discretion in finding that good cause exists to excuse Plaintiff's untimeliness, such that objections need not be waived.

<u>Defendant's position</u>: On August 22, 2025, Home Depot served Plaintiff with Interrogatories, Requests for Production, and authorizations to execute. *See Exhibit A.* <u>App 2</u>. By rule, Plaintiff's written discovery responses were due on September 22, 2025. However, Plaintiff failed to provide any responses or produce documents on or by September 22 (a Monday). Only after counsel for Defendant contacted counsel for Plaintiff about the status of Plaintiff's discovery responses, the passed September 22 discovery response deadline, and Plaintiff's waiver of objections for missing same, Plaintiff's counsel responded, acknowledging Plaintiff's failure to "timely submit[] responses" and requesting up to October 10 to respond. *See Exhibit B* <u>App 4-5</u>. However, Plaintiff did not respond to Defendant's written discovery requests on October 10. Home Depot therefore sent Plaintiff a discovery deficiency letter on October 15 reiterating Plaintiff's failure to respond to any of Home Depot's discovery requests, his waiver of objections, and his obligations under Local Rule CV-34. *See Exhibit C* <u>App 7-9</u>. It was not until October 22 – an entire month past the deadline – that Plaintiff responded to Defendant's discovery requests. *See Exhibit D* <u>App 11-53</u>.

Plaintiff's failure to timely respond to Defendant's written discovery requests amounts to a waiver of his ability to lodge objections to same. *See* FRCP 33(b)(4) (a "responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); *Badger Daylighting Corp. v. Precision Hydrovac Excavation, LLC*, No. 1:25-MC-7, 2025 WL 3025677, at *2 (E.D. Tex. Oct. 29, 2025) (any objection not timely raised is waived unless the court, *for good cause*, excuses the failure). Here, the timeline dictates that good cause does not exist to excuse Plaintiff's failure to serve timely responses and objections. Plaintiff was not just a little bit late—he was a month late and did not seek an extension prior to the deadline. In fact, Plaintiff did not seek an extension and did not respond until October 22, 2025—*one month after* the deadline. In addition, after Plaintiff's response deadline of September 22 came and went, Plaintiff provided nothing despite Defendant repeatedly having to request the discovery it was owed—evidenced by counsel for Defendant's September 26 email to counsel for Plaintiff reminding Plaintiff of his discovery deadline (which he had missed at that point) and Defendant's subsequently sent deficiency letter, dated October 15.

**B. Plaintiff's Failure Answer Certain Interrogatories**. The remaining discovery issues relate to the objections Plaintiff did lodge to Home Depot's Interrogatories.

Plaintiff lodged objections to Home Depot's Interrogatories, refusing to answer Nos. 8-20 on the basis that Defendant served him with more than 25 because Nos. 1-7 contain multiple subparts that, when taken together, exceed the allotted 25.

Plaintiff's position: Defendant's Interrogatories contain discrete subparts that amount to more than 25 Interrogatories. *See* FRCP 33(a)(1). Notwithstanding the foregoing, in an effort to resolve this dispute, Plaintiff agreed to supplement his responses to Defendant's discovery demands as limited in the below summary.[3]

Interrogatories which include several lines of inquiry should be kept separately, to ensure that they do not undermine the purpose of Rule 33 and its "pragmatic approach." [4] See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co., 315 F.R.D. 191, 196 (E.D. Tex. 2016) ("The pragmatic approach calls for the court to apply the governing standard with an eye to the competing purposes of Rule 33(a)(1): allowing reasonable latitude in formulating an inquiry to elicit as complete an answer as possible, while at the same time not allowing the multiplication of interrogatories to the point that it defeats the purposes underlying the 25-interrogatory limit." Id. at 196-197).

Moreover, a supplemental response may be deemed to moot this type of issue where the supplemental response has been attached and is visible to the Court, such that they are able to determine that a full response has been served. See Dveirin v. State Farm Fire & Cas. Co., No. CV 23-5146, 2025 WL 306333, at **8-9 (E.D. La. Jan. 27, 2025). See also Gondola v. USMD PPM, LLC, 223 F. Supp. 3d 575, 578 (N.D. Tex. 2016) ("Plaintiffs produced amended discovery responses and over 150 documents relevant to Defendant's request and that, as such, several of Defendant's requests are moot").

Here, Defendant has served more than 25 Interrogatories, in which is inherently against the purpose of Rule 33. Nonetheless, Plaintiff has agreed to provide supplemental responses, and has done so.

Given the foregoing, Plaintiff respectfully submits that this issue is moot.

Defendant's position: While parties may not circumvent the 25-interrogatory limitation imposed by FRCP 33(a)(1) by joining together discrete interrogatory subparts, "'subparts that are logically or factually subsumed within and necessarily related to the primary question' should not be treated as separate interrogatories." *Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.,* 315 F.R.D. 191, 197 (E.D. Tex. May, 13 2016); Fed. R. Civ. P. 33(a)(1) Advisory Comm. Notes ("a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); *see also Johnson v. MidFirst Bank,* 4:24-CV-00986-SDJ-BD, 2025 WL 3175281, at *2-5 (E.D. Tex. Nov. 13, 2025).

Despite clear relation to the respective "primary question," Plaintiff treats each subpart in Defendant's Interrogatory Nos. 1-7 as independent interrogatories. They are not and Plaintiff's interpretation lacks credulity. For example, Plaintiff counts Interrogatory No. 1 as seven separate interrogatories because it seeks the identity of persons who possess knowledge pertaining to the lawsuit (interrogatory one according to Plaintiff), their addresses (two), telephone numbers (three),

---

[3] The Court's Order dated December 29, 2025 (doc. 20) only Ordered amendment to include Plaintiff's briefing on the waiver issue. However, to the extent the Court will consider briefing on other issues, Plaintiff provides briefing on all issues.

job titles (four), a description of the substance of their knowledge (five), a statement of whether Plaintiff expects to call them as a witness at trial (six), and a description of documents that support or refute Plaintiff's response (seven). *See* App 13. However, each subpart contained in Interrogatory No. 1 is factually subsumed within the primary question – namely, the ***identity*** of individuals with knowledge regarding this lawsuit.

He treats Interrogatory No. 2 as five separate interrogatories because it requests each element of Plaintiff's damages, including the category of damages (interrogatory one), the factual basis for each item of damages (two), the amount claimed for each (three), an explanation of how each amount was calculated (four), and a description of each document used for such calculation (five). *See* App ___. Each subpart in this Interrogatory is factually subsumed within the primary question – the basis of Plaintiff's claimed damages.

Plaintiff treats Interrogatory No. 3 as three separate interrogatories because it seeks identification of each person with whom Plaintiff communicated regarding his allegations, including the date and substance of the communication and any documents related to the communication. *See* App ___. Interrogatory No. 4 is similarly treated by Plaintiff as three separate interrogatories because it seeks the identity of each health care provider with whom he consulted, received an examination or treatment, or obtained an opinion or diagnosis related to his mental health since January 1, 2023. *See* App ___. The subparts contained in both Interrogatory Nos. 3 and 4 are factually subsumed within the primary question – namely, the identity of individuals with whom Plaintiff has communicated about his claims and the healthcare providers from whom he has sought care since 2023, respectively.

Finally, Plaintiff counts Interrogatory Nos. 5, 6, and 7 as each containing two separate interrogatories because they respectively seek information relating to witnesses who may have witnessed race discrimination, color discrimination, age discrimination, and the documents supporting each of his answers. *See* App ___. Like the others, these subparts (namely the request for any documents) are all consumed within and factually connected to the primary question of the underlying interrogatory. The effect of Plaintiff's improper objection as to alleged subparts is that Plaintiff refused to answer Interrogatories 8-20 at all.

In sum, Home Depot's Interrogatories, though some contain subparts, are singular interrogatories as any subpart relates, in whole part, to the "primary question." *Eli Lilly and Co.*, 315 F.R.D. at 197.

Out of the 12 Interrogatories Plaintiff refused to answer, he has agreed to supplement his responses to Interrogatory 10, 11, 13, 16, 17, 18 and 20. However, <u>his agreement to do so is contingent on Defendant withdrawing its position that he waived his objections. Defendant does not agree to do that</u>. So, there remains a dispute on these interrogatories.

Additionally, there are disputes on the following Interrogatories. Any agreement Plaintiff made to supplement the following Interrogatories are also subject to his condition that Defendant withdraw its position that Plaintiff waived his objections. Defendant does not agree to do that.

    a. **Interrogatory No. 8:**

Plaintiff's position:  Plaintiff's sources of income are not relevant since he is a current employee of Defendant.

Discovery must be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." See Fed. R. Civ. P. 26(b)(1).

Discovery seeking information on a plaintiff's sources of income are relevant where this is necessary to assess damages and plaintiff's duty to mitigate. See Gondola v. USMD PPM, LLC, 223 F. Supp. 3d 575, 583–84 (N.D. Tex. 2016). Notably, in Gondola, the plaintiff's employment with the Defendant had already been terminated. Id. at 577. This is distinguished from the present case, wherein Plaintiff is still employed with Defendant, and has not alleged a period of unemployment or back pay based on total wage loss. Accordingly, mitigation is not at issue in the traditional, broad way, which would render discovery of Plaintiff's other sources of income relevant.

Under these circumstances, Plaintiff's sources of income do not bear on any claim or defense and fall outside the scope of permissible discovery under Rule 26(b)(1).

Defendant's position:  Plaintiff waived his objections.  The information sought relating to Plaintiff's sources of income is relevant to Plaintiff's claims and damages.

### b. Interrogatory No. 12:

Plaintiff's position:  Plaintiff will supplement only if the answer is none.  If there are other charges of discrimination filed, Plaintiff will stand on his objections.

This is plainly overbroad, irrelevant, and not proportional to the claims and defenses of this case, as discussed *supra* regarding Rule 26(b)(1). See Fed. R. Civ. P. 26(b)(1).

Following the 2015 Amendments to the Rules, discovery is no longer permitted merely because it might lead to admissible evidence; under Rule 26(b)(1), discovery must be relevant to the claims or defenses and proportional to the needs of the case. See Vinet v. BP Expl. & Prod. Inc., No. CV 18-9527, 2019 WL 3574294, at *7 (E.D. La. Aug. 6, 2019) (overbroad discovery requests that were allowed under the "reasonably calculated to lead to the discovery of admissible evidence" language of Rule 26(b)(1) has since been deleted from the Rule, rendering prior decisions allowing for fishing expeditions no longer authoritative).

Accordingly, Plaintiff stands on his objections.

Defendant's position.  Plaintiff waived his objections and cannot refuse to answer if there is responsive information. Discovery is broad and Defendant is entitled to know if Plaintiff has made other claims of discrimination or retaliation.

### c. Interrogatory No. 14:

<u>Plaintiff's position</u>:  Plaintiff will supplement only if the answer is none.  If any responsive information exists, Plaintiff will stand on his objections.

As discussed *supra* in its briefing on the amended Rule 26(b)(1), Plaintiff stands on his objections. <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>see also</u> <u>Vinet v. BP Expl. & Prod. Inc.</u>, No. CV 18-9527, 2019 WL 3574294, at *7 (E.D. La. Aug. 6, 2019).

<u>Defendant's position</u>:  Plaintiff waived his objections and cannot refuse to answer if there is responsive information. Discovery is broad and Defendant is entitled to know if Plaintiff has a criminal history.

      **d. Interrogatory No. 15:**

<u>Plaintiff's position</u>:  Plaintiff asserts that he does not have to identify any information about his social media unless he has posted specifically about Home Depot, which he will disclose in a supplemental response. Otherwise, Plaintiff will stand on his objections.

Although discovery regarding "social media is generally discoverable," it "must still be tailored so that it 'appears reasonably calculated to lead to the discovery of admissible evidence.' *Id.* (*quoting* [pre-2015 amended] Fed. R. Civ. P. 26(b)(1)). 'Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s].' (internal citations omitted)." <u>See</u> <u>Scott v. United States Postal Serv.</u>, No. CV 15-712-BAJ-EWD, 2016 WL 7440468, at *4 (M.D. La. Dec. 27, 2016). Evidently, even when Courts rely upon outdated pre-2015 understanding of Rule 26(b)(1), those Courts *still* hold that social media discovery requests which are overbroad are improper.

<u>See also</u> <u>Stewart v. Liberty Mut. Ins. Co.</u>, No. CV 23-859-SDD-RLB, 2024 WL 3446319, at *2 (M.D. La. July 16, 2024) ("Social media posts are 'discoverable [if they are] relevant and proportional to the needs of the case'"), <u>citing</u> <u>Baxter v. Anderson</u>, No. 16-142, 2016 WL 4443178, *4 (M.D. La. Aug. 19, 2016) ("(limited request to seek posts 'from the time of the accident ... to the present for which Plaintiff has 'possession, custody, or control' and are related to the claims and/or defenses of this litigation')" <u>Stewart</u>, 2024 WL 3446319, at *2).

<u>Defendant's position</u>:  Plaintiff waived his objections and cannot refuse to answer if there is responsive information. Discovery is broad and Defendant is entitled to know what Plaintiff has posted about his life, even if not related specifically to Home Depot, given he is claiming emotional distress damages.

      **e. Interrogatory No. 19:**

<u>Plaintiff's position</u>:  Plaintiff will only disclose treating expert, if any.

"Plaintiffs' position is grounded in the contention that because, as is made explicit in the first paragraph of the Rule and in the Advisory Committee Notes, Rule 26(b)(4) applies only to ' ... facts known and opinions held by experts ... acquired or developed in anticipation of litigation or for trial ...,' experts who came by their facts and opinions in some other way, such as by

---

administering medical treatment to a party, are to be dealt with as ordinary witnesses, and facts known and opinions held by them are not subject to discovery by way of interrogatories such as those described in Rule 26(b)(4)(A)(i). There is ample authority for the proposition that an expert witness, such as a treating physician, whose entire testimony will be based upon his own examination and treatment of a party, is not subject to the provisions of Rule 26(b)(4). Such a non–26(b)(4) expert is subject to discovery without the limitations imposed by Rule 26(b)(4)." See Lee v. Knutson, 112 F.R.D. 105, 107–08 (N.D. Miss. 1986) (internal citation omitted).

Accordingly, at this stage, Plaintiff will identify only treating experts, if any, whose opinions were formed during the course of treatment, and will supplement expert disclosures in accordance with Rule 26(a)(2) and the Court's scheduling order.

Defendant's position: Plaintiff waived his objections. His reading of the Interrogatory is narrow manner; if he does not have any retained experts he can say so and supplement in accordance with the Rules of Civil Procedure if necessary.

## II.    Receipt of Authorizations Under Local Rule CV-34

Plaintiff has refused to provide Defendant with medical record and wage and earnings authorizations as required under Local Rule CV-34.

Plaintiff's position: Local Rule CV-34 is subject to objections and he objects to the authorizations.

"Rule 83, Fed.R.Civ.P., gives each district court the authority to 'make and amend rules governing its practice *not inconsistent with [the Federal Rules of Civil Procedure.]*' (Emphasis supplied.) Obviously, a local rule that is inconsistent on its face with the Federal Rules cannot stand. Moreover, although we normally defer to a district court's construction of its own rules, we are not obliged to accept a construction that renders a facially innocuous rule inconsistent with the Federal Rules." See John v. State of La. (Bd. of Trs. for State Colleges & Universities), 757 F.2d 698, 707 (5th Cir. 1985) (internal citation omitted).

Although "[t]he Fifth Circuit has made clear that an 'award for emotional injury greater than nominal damages must be supported by evidence of the character and severity of the injury to plaintiff's emotional well-being,'" Courts may still "limit the scope of discovery 'for good cause' to prevent 'annoyance, embarrassment, oppression, or undue burden or expense[.]' FED. R. CIV. P. 26(c)(1)." See Equal Emp. Opportunity Comm'n v. Eastbox LLC, No. 4:23-CV-814-SDJ, 2025 WL 41915, at **3 and 2 (E.D. Tex. Jan. 7, 2025).

Accordingly, Plaintiff maintains his objections.

Defendant's position: Local Rule CV-34 is clear: "[w]here a party's physical or mental health condition" or "[w]here lost earnings, lost earning capacity, or back pay" are at issue, the party making such claims ***shall*** provide signed authorizations to the opposing party's counsel upon request. *See* Local Rule CV-34(a)-(b). No protective order is necessary to protect the records produced as all records obtained with an authorization are deemed confidential. *Id.* at (c).

    Plaintiff represents in his Original Complaint that he suffered "severe emotional distress and physical ailments" and loss of earnings because of Defendant's alleged conduct. *See* Complaint (doc. 1). And as evidenced by his Initial Disclosures, he seeks damages related to emotional distress and front and back pay. *See Exhibit E*, App ___. As he has put his "physical or mental condition" and earning capacity at issue, he is required to "promptly furnish[]" Home Depot with its requested medical and wage and earnings authorizations.

                                          Respectfully submitted,

| | |
|---|---|
| By: */s/ Emanuel Kataev, Esq.*<br>Emanuel Kataev, Esq.<br>emanuel@sagelegal.nyc<br>**CONSUMER ATTORNEYS PLLC**<br>6829 Main Street<br>Flushing, NY 11367-1305<br>Telephone: (718) 412-2421<br>Fax: (718) 489-4155<br><br>**ATTORNEYS FOR PLAINTIFF MARCUS EVANS** | Kristin S. Higgins<br>Texas Bar No. 24046880<br>kristin.higgins@ogletree.com<br>Shaina E. Hicks<br>Texas Bar No. 24139802 s<br>haina.hicks@ogletree.com<br>**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**<br>8117 Preston Road, Suite 500<br>Dallas, Texas 75225<br>Telephone: (214) 987-3800<br>Fax: (214) 987-3927<br><br>**ATTORNEYS FOR DEFENDANT HOME DEPOT U.S.A., INC.** |

## CERTIFICATE OF SERVICE

    I hereby certify that on January 12, 2025, I filed the foregoing with the Clerk of the Court using the ECF filing system, which will send notification to all counsel of record.

                                          */s/ Emanuel Kataev, Esq.*
                                          Emanuel Kataev, Esq.